# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THOMAS COX,**<br>6 Pine Tree Lane<br>New City, NY 10956<br>    *On his own behalf and on behalf of*<br>    *similarly situated others,*<br>Plaintiffs,<br>        v.<br><br><br>**SPIRIT AIRLINES, INC.**<br>2800 Executive Way<br>Miramar, FL 33025<br><br>**Serve Up**:<br>CORPORATION SERVICE COMPANY<br>80 State Street<br>Albany, New York 12207<br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No. 1:17-cv-5172**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW THE PLAINTIFF, on behalf of himself and similarly-situated others, sues the Defendant, Spirit Airlines, Inc. ("Defendant," "Spirit Airlines," or "Spirit") and alleges the following:

Nature of the Case

The Plaintiff brings this action, *inter alia,* to address misrepresentations and omissions committed by Spirit Airlines in connection with Defendant's business operation. Spirit falsely misled the Plaintiff and numerous other consumers, and continues to mislead consumers, into believing that they are purchasing low airfare, when, in fact, Spirit makes up whatever discount it purports to give consumers in fraudulent and unwarranted charges. In some instances, a carry-on piece of luggage

1

costs as much as four times the cost of a checked piece. Spirit's bait-and-switch and "gotcha" tactics are designed to confuse, trick, and trap consumers to the public's detriment. The actions and omissions of the Defendant constitute fraud, violate the Consumer Protection Act of New York and are in material breach of the understandings between Spirit and the Plaintiff and similarly situated consumers.

## Jurisdiction and Venue

1. Subject-matter jurisdiction is proper in this Court, and is founded upon 28 U.S.C. §1332(A)(1). The Defendant is a corporation, which is domiciled in the States of Florida and Delaware. The representative Plaintiff is a citizen of New York.

2. Personal jurisdiction and venue in this judicial district are proper in that the Defendant has continuous and systematic operations at LaGuardia Airport, which is in Queens, New York, where the Defendant operates in a manner that violates the law consistent with Plaintiff's allegations herein. The unfair and deceptive trade practices and the harm occurred in this district.

## Factual Allegations

3. The named Plaintiff in this action is a citizen of the United States who resides in New York.

4. The Defendant Spirit Airlines does business in the State of New York. Spirit does regular business in this judicial district.

5. Spirit purports to be "an ultra low-cost, low-fare airline that offers affordable travel to price-conscious customers." However, Spirit's advertised prices are misleading and the total cost to consumers flying with Spirit is not "ultra-low" as advertised by the airline. Spirit purports to offer and maintain lower total prices to consumers than other airlines by utilizing an "Ultra Low-Cost Carrier" ("ULLC") business

2

model. However, Spirit's ULLC business model is nothing more than a bait and switch scheme designed to defraud consumers.

6. Spirit does not make its fee structure clear to consumers at the time of purchase, especially when consumers purchase Spirit tickets through third party vendors. Spirit's fees are not conspicuously shown on its website or on the websites of third party vendors, and consumers are often unaware of Spirit's large and plentiful fees until after they purchase a ticket that initially appeared attractive.

7. Spirit intentionally hid fees from Plaintiff and other consumers during the booking process in order to fraudulently induce sales. Spirit's practices are designed to trap consumers into paying fees that consumers do not expect to incur at the time of booking. For instance, Spirit charges customers to make bookings and changes to their reservation through a customer service agent via telephone. Spirit does not clearly make consumers aware of this fee at the time of booking.

8. Spirit does not adequately explain the nature of its "Passenger Usage Fee" at the time of ticket purchase. Spirit does not clearly and conspicuously disclose at the time of ticket purchase that consumers can avoid this fee by booking flight reservations at a Spirit Airlines' airport location. Essentially, Spirit deceives consumers as to what this fee is and tricks consumers into paying it.

9. Spirit claims that they encourage customers to use their website to avoid customer service fees, but Spirit intentionally limits the actions customers can take on their website so that the customer is forced to call customer service and pay a fee. Spirit does not adequately explain their policy of charging for customer service assistance, and does not adequately explain that there are instances where the customer will be forced to pay a customer service fee due to the fact that the Spirit

3

website does not allow the customer to do certain things.

10. Spirit engages in a pattern and practice of withholding certain material information regarding the total pricing of a flight until consumers have expended resources and are irreversibly committed to taking the flight.

11. Spirit fails to specifically inform consumers about its flight delay and cancellation rates, and it falsely advertises that "reliable, on- time service" is a standard product feature. Upon information and belief, Spirit provides inaccurate information to consumers with regard to the reasons for flight cancellations or delays or both. Spirit's refund policy is also misleading to consumers.

12. Spirit misleads consumers about the cost and quality of its "$9 Fare Club" membership program. Spirit misleads consumers about the quality of its "Free Spirit" frequent flyer program.

13. Spirit sometimes offers a refund to customers by providing them with voucher credits. Spirit sometimes offers voucher credits to consumers for other reasons. However, Spirit deceives consumers as to what the voucher credit can be used for. Spirit leads consumers to believe that the voucher credits can be used to pay for the entire price of a ticket. However, this is not the case. A Spirit voucher can only be used to pay for the "flight" portion of the ticket, which leaves the customer responsible for paying the "fees" portion of the ticket out of pocket. The "fees" portion of the ticket is often a significant component of the total ticket price. Since Spirit vouchers are generally valid for only 60 days and have other hidden restrictions, Spirit's policy of only applying the voucher credit to a fraction of the ticket price makes using the entire voucher difficult and costly to the consumer.

14. The nature of Spirit's baggage fee structure is misleading and is designed to trick

4

consumers into paying the maximum amount of fees. Spirit charges different amounts for carry-on baggage and checked baggage at different stages. For instance, customers pay the least for baggage fees if they pay for the bag online before they get to the airport. Once a customer arrives at the airport, the baggage fees increase incrementally at different points in the airport up to a $100 baggage fee for bags paid for at the gate. At one point, former CEO of Spirit Ben Baldanza stated that this $100 baggage fee was really a penalty. Consumers are not advised in advance that they would be paying the said penalty.

15. Spirit represented to Plaintiff that the airfare amount was a clear representation of the total cost of the flight, but after the Plaintiff purchased a round-trip ticket, he was presented with a plethora of additional unexpected fees that made his flight substantially higher than represented by the fare represented by Spirit.

16. Because of Spirit's representations, the Plaintiff believed that the ticket he purchased would get him from "Point A to Point B" for the advertised price. However, he had to pay additional unanticipated fees such as a high baggage fee and a seat fee. Spirit also represented to Plaintiff that he would be able to use the website – free of charge, but when Plaintiff was at the airport he was unable to use Spirit's website.

17. Spirit represented to Plaintiff that it provides high quality services, but did not inform Plaintiff that in 2013, Skytrax, an air-travel consultancy, downgraded its rating of Spirit to two-stars. At the time, Spirit was the only carrier in the United States to receive a two-star rating from Skytrax. Presently, Spirit continues to be the only carrier in the United States with a two-star rating from Skytrax. The poor rating is due to a poor standard of product and/or poor and inconsistent standards of Staff

Service delivery.

18. Spirit was not transparent with Plaintiff and other consumers that despite claiming they provide quality services, the downgrade by Skytrax coincided with a five-year period when Spirit led all major U.S. airlines in the number of complaints filed with the United States Department of Transportation. Spirit continues to have a large number of complaints. Spirit is simply disingenuous about the quality of its customer service and the quality of the product/service it sells.

19. Plaintiff Thomas Cox purchased a round-trip ticket from New York to Florida with Spirit in September 2016. Spirit represented to the Plaintiff a ticket rate through Expedia. Plaintiff found this initial ticket price to be attractive and purchased the ticket. Plaintiff later found that he would have to pay additional fees for baggage, a seat, and other fees. Plaintiff also was unable to use Spirit's website at the airport, contrary to Spirit's representations. The initial rate advertised by Spirit was misleading and induced Plaintiff into purchasing the round-trip ticket with the Defendant. Plaintiff would not have purchased the Spirit ticket if he knew the actual cost would be far more than represented by Spirit. In fact, when Plaintiff realized the nature of the fraud, he decided to book a return flight with a different carrier even though he had a round-trip ticket with the Defendant. Spirit offered Plaintiff vouchers, which are not useful as described above. Plaintiff did not wish to continue doing business with a company that fraudulently induced him to purchase tickets and then trapped him into paying additional unanticipated fees.

20. This action is maintainable as a class action. The Plaintiff believes that the class that he proposes to represent is so numerous that joinder of all members is impracticable. The Plaintiff asserts that thousands of consumers have been, and are being,

impacted by the Defendant's actions. There are questions of law and fact common to the class, and the claims of the named Plaintiff are typical of the claims of the class. The Plaintiff will fairly and adequately protect the interests of the class.

COUNT ONE
NYGBL §349 and §350. ET SEQ.
Deceptive or Misleading Practices

21. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

22. For that the Defendant Spirit engaged in conduct that was consumer oriented and did so in a manner, which was materially deceptive and misleading to consumers, and this conduct caused Plaintiffs harm. By way of example, as to the named Plaintiff, the Defendant made representations and omissions regarding its operations that fraudulently induced Plaintiff to purchase a round-trip ticket with the Defendant.

23. The Defendant materially misled the Plaintiff in the manner discussed above, including by failing to conspicuously disclose information regarding the total cost of the flight, the structure and amount of its baggage fees and other fees, the flight delay and cancellation rates, the voucher credits as discussed above, and the lack of a quality and a fair customer service, as represented by the Defendant.

24. As a result of Defendant's representations and omissions, Plaintiff suffered significant losses, including funds expended for tickets, unforeseen fees, and the cost of booking with a different airline for his return flight.

## COUNT TWO
## Breach of Contract

25. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

26. The Defendant represented that the cost of a ticket would be at a set amount when, in fact, the Defendant charged Plaintiff additional fees for services that a reasonable consumer would believe would be part of the bargain reached between the parties on the basis of the representations made.

27. The Defendant was also under a contractual obligation to provide the Plaintiff with material information concerning the total cost of services, including but not limited to the total cost of the flight, the structure and amount of its baggage fees and other fees, the flight delay and cancellation rates, and the voucher credits as discussed above. The Defendant failed in its obligation to provide Plaintiff with this information.

28. After the Plaintiff spent funds on the Defendant's flight, the Defendant revealed numerous fees to the Plaintiff that were unanticipated and unforeseen. At the time of booking, the Plaintiff was unaware that he would have to pay a fee for a seat on the plane, and was unaware that he would have to pay for his carry-on bag. Additionally, the structure of the baggage fees is confusing and designed to extract fees from consumers.

29. Defendant advertised its fare in a misleading manner so that the Plaintiff was fraudulently induced to purchase a round-trip ticket with Defendant. Defendant breached its agreement with Plaintiff when it charged him with unanticipated fees. Defendant intentionally locked Plaintiff into a non-refundable ticket purchase prior

8

to disclosing all of the fees involved.

30. As a result of Spirit's representations and omissions, the Plaintiff suffered significant losses, including funds expended on tickets, fees, and booking on a different airline for his return flight due to Spirit's fraudulent activity.

COUNT THREE
Fraudulent Misrepresentation
Inducing Plaintiff to purchase flight
tickets with Defendant

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

32. While inducing Plaintiff to purchase tickets and throughout the contractual relationship, Defendant made numerous representations that were materially false, and Defendant made numerous material omissions. Defendant sold Plaintiff a round-trip ticket with the knowledge that what the consumer would ultimately pay would be significantly higher than the price represented. The Defendant's misrepresentations and omissions include but are not limited to:

  a) Representing to Plaintiff to be an ultra low-cost, low-fare airline that offers affordable travel to price-conscious customers;

  b) Advertising prices that are misleading as to the total cost to consumers flying with Spirit;

  c) Falsely claiming to offer and maintain lower total prices to consumers than other airlines;

  d) Engaging in deceptive trade practices with a bait and switch scheme;

  e) Failing to make it clear to consumers that a ticket does not include fees

incurred after the ticket purchase.

    f) Deliberately failing to make its fee structure clear to consumers at the time of purchase, especially when consumers purchase Spirit tickets through a third party vendor;

    g) Withholding certain material information regarding the total pricing of a flight until the consumers have expended resources and are irreversibly committed to taking the flight;

    h) Failing to make it clear to consumers that Spirit voucher credits can only be used to pay for the "flight" portion of the ticket, which leaves the customer responsible for paying the "fees" portion of the ticket out of pocket;

    i) Failing to make disclosure to Plaintiff of its baggage fee structure which is confusing and intended to extract significant fees from consumers; and

33. Spirit knew, or acted with reckless disregard for the truth, as to all of the material misrepresentations alleged in this complaint.

34. Spirit knew, or acted with reckless disregard for the truth, as to all of the material omissions alleged in this complaint.

35. Spirit knew and intended that Plaintiff would rely on Spirit's false and misleading representations in Plaintiff's decision to purchase a round-trip ticket with Spirit.

36. Spirit knew that Plaintiff would rely on the information provided to him by Spirit in Plaintiff's decision to purchase a round-trip ticket with Spirit, and Spirit intended to influence Plaintiff's decision by omitting material information.

37. Plaintiff reasonably relied on Spirit's false and misleading representations in deciding to purchase a round-trip ticket with Spirit.

38. In deciding to purchase a round-trip ticket with Spirit, Plaintiff reasonably and justifiably believed that Spirit was providing all material information, and Plaintiff's decision was influenced by Spirit's omissions.

39. Plaintiff's reliance on Spirit's misrepresentations caused him significant, specific harm, as explained hereinabove.

40. Plaintiff seeks punitive damages to deter the Defendant from continuing its fraudulent practices.

<u>Prayers for Relief As to All Counts</u>

WHEREFORE, your Plaintiff respectfully prays that this Honorable Court:

a. Order that the Defendant Discontinue its violations of New York General Business Law §349, §350, *et. seq.*;
b. Require Defendant to clearly and conspicuously disclose its fee structure;
c. Require Defendant to disclose and clearly post its delay and cancellation rates;
d. Require Defendant to clearly and conspicuously disclose that it charges for certain customer service assistance.
e. Require Defendant to clearly and conspicuously inform consumers that its voucher credits can only be applied to the "flight" portion of a Spirit ticket, and to clearly and conspicuously explain that Spirit does not allow customers to apply voucher credit to the fees portion of the ticket;
f. Order that the Defendant reimburse Plaintiff for any and all ticket costs, costs that Plaintiff incurred related to the purchase of Spirit tickets, and any and all fees paid, including but not limited to: baggage fees, seat fees, cancellation fees.
g. Order that Defendant reimburse Plaintiff for all of the fees and costs paid to Spirit, all travel and lodging expenses incurred as a result of Spirit's fraudulent conduct, and all amounts paid to other carriers;
h. Order that Defendant pay all statutory fines under the GBL for the willful conduct;
i. Order that Defendant pay for Plaintiff's emotional suffering and harm;
j. Order that Defendant pay Plaintiff for all of his lost wages;
k. Require the Defendant to pay statutory fines, costs of suit, and attorneys' fees;
l. Punitive damages in an amount of no less than One Hundred Million dollars ($100,000,000.00), for the wanton, malicious, and intentional nature of Spirit's conduct, to deter Spirit from further such conduct; and
m. Grant your Plaintiff any such other and further relief as to this Court may appear just and proper.

11

## JURY TRIAL DEMAND

The Plaintiff respectfully requests a jury trial.

                              Respectfully Submitted,

                              THE PLAINTIFFS,


BY: _____

Their Counsel
John Hermina, Esq.
HERMINA LAW GROUP
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
Tel 301-776-2003
Fax 301-490-7913

Gregory Allen, Esq.
Law Office of Gregory Allen
120 W. Wilson Avenue
Glendale, California 91203
Tel 203-535-4636