# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

**THOMAS COX**
6 Pine Tree Lane
New City, NY 10956

**JOHN COX**
54 Winthrop Avenue
Elmsford, NY 10523

**CHRISTIE NEPTUNE**
9 Raleigh Place
Brooklyn, NY 11226

**CYNTHIA COE**
7879 Deerhill Drive
Clarkston, MI 48346

**MICHAEL WYANT**
4530 Botanical Place Circle
Naples, FL 34112

**GRETA SCHOENEMAN**
59150 Oak Glen Avenue
Saint Helens, OR 97051

**ALBERT EYZAGIRRE**
9801 Cypress Cove
Rockwall, TX 75087

**VICTORIA EYZAGIRRE**
9801 Cypress Cove
Rockwall, TX 75087

**SUSAN HOTT**
1514 Kokanee Lane
Grants Pass, OR 97527

**JILL BRUA**
5055 Galliano Avenue
Rancho Cucamonga, CA 91739

**HEATHER MCGLASHAN**
1178 Warburton Avenue
Yonkers, NY 10701

Case No. 1:17-cv-5172 WFK-VMS

1

**DODZI AMEMADO**
1209-3360 Paul Anka Drive
Ottawa, ON K1V 9S2

**SILVA IAHDJIAN**
231 Bethany Road
Burbank, CA 91504

**SHIRIN BEGUM**
45-16 48th Street
Woodside, NY 11377

**DAVID LANGTON**
29 McKinley Place
Ardsley, NY 10502

**SUSY KOSHKAKARYAN**
8100 Hinds Avenue
North Hollywood, CA 91605

**TERRY MURRAY**
P.O. Box 494
Wilsonville, OR 97070

**YULIUS MUSTAFA**
4775 West 27th Place
Yuma, AZ 85364

**MARYAM AFKARIAN**
115 31st Avenue
Seattle, WA 98122

**HAYFAA BAROUD**
4400 Lakewood Drive
Metairie, LA 70002

**JULIE FEINER**
6036 Eucalyptus Lane
Los Angeles, CA 90042

**DIANA CARRILLO**
11170 Aqua Vista Street
Studio City, CA 91602

*On their own behalf and on behalf of similarly situated others*

**Plaintiffs**,

2

**v.**

**SPIRIT AIRLINES, INC**.
2800 Executive Way
Miramar, FL 33025

Defendant.

## SECOND AMENDED CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

COME NOW THE PLAINTIFFS, on behalf of themselves and similarly-situated others, sue the Defendant, Spirit Airlines, Inc. ("Defendant" or "Spirit Airlines" or "Spirit") and allege the following:

### Nature of the Case

The Plaintiffs bring this action, *inter alia,* to address breaches of contract and misrepresentations and omissions committed by Spirit Airlines in connection with Defendant's business operation. Spirit falsely misled the Plaintiffs, and continues to mislead individuals, into believing that they are purchasing a low airfare at a specific price. Once Plaintiffs agree to the set ticket price, Spirit breaches its agreement by requiring Plaintiffs to pay additional funds for carry-on bags. In some instances, a carry-on piece of luggage costs as much as four times the cost of a checked piece. The actions and omissions of the Defendant constitute fraud and are in material breach of the private understandings between Spirit Airlines and the Plaintiffs, including similarly-situated others.

Spirit Airlines knows beyond a shadow of a doubt that its online travel agents ("agents") hid from Plaintiffs the fact that the latter would pay "gotcha" carry-on fees at the airport. Spirit Airlines has made herculean efforts to conceal the dealings between itself and its agents. *See* <u>Exhibit 1</u> showing that, while one agent was willing to provide Plaintiffs with

3

agreements between Spirit Airlines and its said agent (through a subpoena process), Spirit Airlines interfered with Plaintiffs' ability to discover such an agreement.

## Jurisdiction and Venue

1. Subject matter jurisdiction is proper in this Court, and is founded upon 28 U.S.C.§1332(d)(2). There are more than 100 putative class members, and the amount in controversy exceeds $5 million.

2. The Defendant is a corporation, which is domiciled in the States of Florida and Delaware. Six representative Plaintiffs are citizens of New York.

3. Personal jurisdiction and venue in this judicial district are proper in that the Defendant has continuous and systematic operations at LaGuardia Airport, which is in Queens, New York, where the Defendant operates in a manner that violates the law consistent with Plaintiffs' allegations herein. The breaches of contract, the fraud and the harm, resulting from Defendant's actions, occurred in this district.

## Factual Allegations

4. Six of the named Plaintiffs in this action are citizens of the United States who reside in New York.

5. Defendant Spirit Airlines does regular business in the State of New York and in this judicial district.

6. Plaintiffs are fraudulently induced to enter into contracts as a result of Spirit Airlines' false representations as to the total cost of transportation. Spirit Airlines knows to a certainty that third party agents - such as Cheapoair, Expedia, Travelocity, Priceline and others - present contracts for air travel to Plaintiffs without informing them that when they arrive at the gates, the Plaintiffs will be surprised with an extortionist fee that requires them to

4

either "pay" or "not board." The Plaintiffs reasonably and justifiably expect that they will not be paying for carry-on items. A significant part of the fraud is that Spirit Airlines knows, beyond the shadow of a doubt, that its agents invariably withhold the information regarding the surprise carry-on payments from Plaintiffs.

7. Spirit Airlines does not make its fee structure clear to Plaintiffs and potential contracting parties at the time of purchase, especially when Plaintiffs purchase Spirit Airlines tickets through third party vendors. Therefore, the fraudulent fees - which the Plaintiffs usually become aware of at the airport - are not and do not become part of the bargain between Spirit and the Plaintiffs.

8. Spirit Airlines intentionally hid fees from Plaintiff during the booking process in order to fraudulently induce them to purchase tickets. Spirit Airlines' practices are designed to trap Plaintiffs into paying fees that they do not expect to incur at the time of booking.

9. Spirit Airlines engages in fraud when it withholds certain material facts regarding the total pricing of a flight until Plaintiffs have expended resources and are irreversibly committed to taking the flight. In committing the fraud, Spirit Airlines counts on the fact that new customers will not be aware of the deceit and will have to pay for new and unexpected charges over and above the price of the contract, in order to proceed with their travel plans.

10. Spirit Airlines represented to Plaintiffs that the airfare amount was the total cost of the flight, but after the Plaintiffs purchased tickets, they were presented with unexpected carry-on fees that are at times equal the amount of the agreed ticket price.

11. Because of Spirit Airlines' representations and omissions - made through the agent - the Plaintiffs believed that the ticket they purchased would get them from "Point A to Point B" for the agreed price. However, they had to pay additional unanticipated fees for carry-on items.

5

12. Spirit Airlines readily admits that a significant number of complaints regarding surprise carry-on fees have been lodged against it.

13. Plaintiffs Thomas Cox and John Cox contracted with Spirit Airlines through Expedia for travel from Queens, New York to Fort Lauderdale, Florida on August 31, 2016 and returning on September 6, 2016. Upon arriving at LaGuardia Airport, Plaintiffs were completely surprised to learn that they would have to pay additional funds for carry-on bags. Spirit Airlines breached its agreement with Plaintiffs, and defrauded them, by forcing them to pay $110.00 over and above the agreed price of the tickets. The Plaintiffs were traveling to see their father in the hospital and had no choice but to pay the extorted amount. The Plaintiffs would not have agreed to contract with Spirit Airlines if they had known that the total cost of the flight would be far more than what Spirit Airlines represented. In fact, when Plaintiffs realized the nature of the fraud, they decided to book a return flight with a different carrier even though they had round-trip tickets with the Defendant.

14. Plaintiff Christie Neptune contracted with Spirit Airlines through Kayak and Priceline to travel from Queens, New York to Fort Lauderdale, Florida on December 4, 2015 and returning on December 7, 2015. The Plaintiff booked this flight on Priceline via Kayak. Upon arriving at the gate in LaGuardia Airport, Plaintiff was completely surprised with hidden carry-on fees. Plaintiff was shocked after her interaction with Defendant's employees at the gate. Defendant's gate agent rudely told Plaintiff that she would have to pay $110.00 for her carry-on bag at the gate. The agent disclosed that Plaintiff had the option of paying $55.00 for her carry-on bag at the kiosk. In addition to her travel bag, Plaintiff had a pocket book that she had expected would be able to bring on board free of charge. To the Plaintiff's surprise, Defendant's gate agent told Plaintiff that her pocket book would count as a carry-on bag and that she would have to pay an additional fee to

6

bring it on board. Plaintiff requested to speak with a supervisor, but the gate agent initially declined to grant Plaintiff's request. At Plaintiff's continued urging, Defendant's ticket agent agreed to contact a supervisor. The Plaintiff was then forced to wait approximately 20 minutes to speak with a supervisor who appeared and informed Plaintiff that she would either have to pay a fee or surrender her luggage. Plaintiff did not have enough cash with her to pay the $110.00 bag fee at the gate, and she was forced to walk back to the kiosk to pay for her carry-on bag. Plaintiff walked back to the kiosk and paid $55.00 for one carry-on bag. Plaintiff was forced to stuff her pocket book into her travel bag since she did not have enough cash with her to pay for a second bag fee. Defendant's egregious actions wasted Plaintiff's time and caused Plaintiff to miss her flight. Plaintiff was put on a later flight with Defendant and arrived at her destination much later than anticipated. Spirit Airlines' actions resulted in the Plaintiff missing a large portion of an event for her fellowship, ultimately frustrating the purpose of Plaintiff's journey. Plaintiff would not have contracted with Spirit Airlines if she knew that the total cost of the flight would be far more than represented by the Defendant. Spirit Airlines breached its agreement with Plaintiff, and defrauded her, by forcing her to pay $55.00 over and above the agreed price of the tickets.

15. Plaintiff Cynthia Coe contracted with Spirit Airlines through Priceline for travel from Queens, New York to Detroit, Michigan on January 3, 2017. Upon arriving at the gate in LaGuardia Airport, Plaintiff was completely surprised with hidden carry-on fees. Spirit Airlines concealed its intent to extort the Plaintiff until she was at the gate and about to take her flight. Plaintiff was shocked by Defendant's egregious conduct at the airport. While at the gate, Defendant's employee told Plaintiff that Spirit Airlines can charge Plaintiff whatever it wants for the carry-on bag at this stage and then leaned over and asked another Spirit Airlines employee: "what are we charging today?" Defendant initially

7

demanded $100.00 for Plaintiff's carry-on bag and ultimately charged her $65.00 for the bag. Plaintiff would not have purchased the Spirit Airlines ticket if she had known that the total cost of the flight would be far more than represented by Spirit Airlines. Spirit Airlines breached its agreement with Plaintiff, and defrauded her, by forcing her them to pay $65.00 over and above the agreed price of the ticket.

16. Plaintiff Michael Wyant and his wife entered into an agreement with Spirit Airlines, through Defendant's agent Expedia, for transportation, on September 25, 2015, from Atlanta, Georgia to Ft. Myers, Florida. The Plaintiff and his spouse were in disbelief when they were confronted with having to pay hidden fees for their two small carry-on pieces. As a condition for boarding the flight, however, Spirit Airlines required the couple to pay an additional $200.00, over and above the contracted price for carry-on items. The fraudulent fee of $200.00 nearly equaled the price of the ticket of $212.00.

17. Plaintiff Greta Schoeneman contracted Spirit Airlines through Expedia for the purchase of tickets for air travel for herself and her then two-and-a-half year old daughter, to travel from Cleveland, Ohio to Portland, Oregon on May 17, 2016. The Plaintiff lived paycheck to paycheck, and traveling for her young family involved saving, planning and budgeting. When the Plaintiff and her child arrived at the gate to board the flight, Ms. Schoeneman was informed that she must either pay, or not board the flight. When Ms. Schoeneman explained to Spirit Airlines' employee that Spirit Airlines *never* mentioned any carry-on fees when Plaintiff booked through the agent, the employee said to take it up with Expedia. Spirit Airlines defrauds Plaintiffs and intentionally breaches its contracts with them, by insuring that agents do not provide information regarding carry-on items.

18. Plaintiffs Albert Eyzagirre and Victoria Eyzagirre contracted with Spirit Airlines through Priceline for travel from Dallas, Texas to Oakland, California on May 30, 2014 and to travel

8

back to Dallas, Texas from Los Angeles, California on June 7, 2014. When the Plaintiffs appeared at Dallas/Fort Worth International Airport to take their flights, they were completely surprised with hidden carry-on fees. Spirit Airlines concealed its intent to extort the Plaintiffs until they were at the gate and about to take their flights. Spirit Airlines breached its agreement with Plaintiffs, and defrauded them, by forcing them to pay $200.00 over and above the agreed price of the tickets. Spirit Airlines' conduct in breaching the contract in a surprise fashion, leaving the Plaintiffs no choice but to pay, was outrageous.

19. Plaintiff Susan Hott and her daughter entered into a contract with Spirit Airlines for travel from Oakland, California to Las Vegas, Nevada on April 13, 2015. The Plaintiff booked the flights through Spirit Airlines' agent, Travelocity. The Plaintiff was astonished when she and her daughter appeared at the gate to board the flight. She was charged $100.00 for two carry-on items, which she and her daughter were carrying. The Plaintiff had no option, but to pay the extorted amount since she had been dropped off. The Plaintiff was required to pay an additional $100.00 for the trip back.

20. Plaintiff Jill Brua entered into a binding contract with Spirit Airlines, through Defendant's agent Expedia, for air travel from Los Angeles to Minneapolis on July 27, 2015. On that date, Spirit Airlines breached its agreement with Ms. Brua, and defrauded her, by forcing her to pay $100.00, if she wished to board her flight. Specifically, in requesting a refund, the Plaintiff informed Spirit Airlines that "[i]f I didn't pay, I would not get to fly home." After collecting the $100.00, Spirit Airlines stated that "[y]our problem is with Expedia." Although Spirit Airlines acknowledged taking Plaintiff's money, it refused to return it.

21. Plaintiff Heather Mcglashan contracted Spirit Airlines through Cheapoair for air travel between Queens, New York and Dallas, Texas. The travel dates were November 19 and November 21 of 2013. The Plaintiff was completely surprised when she was informed

9

that she could not board her flight without paying carry-on fees over and above what the parties agreed to. The Plaintiff had no option, but to pay the extorted fees of $150.00.

22. Plaintiff Dodzi Amemado entered into a contract with Spirit Airlines through Cheapoair for travel on July 4 and July 7, 2014 from Minneapolis, Minnesota to Denver, Colorado and back. While at the airport, the Plaintiff was confronted for the first time with carry-on fees of $100.00. As the Plaintiff was discussing the surprise fee with Spirit Airlines' representative, the Defendant informed the Plaintiff that it was "too late" to board. Spirit Airlines refused to let the Plaintiff board without payment, and the plane departed. The Plaintiff lost the $232.53 paid to Spirit Airlines. In addition, the Plaintiff lost funds, which he had to pay another airline. Specifically, the Plaintiff had to pay Southwest Airlines the amount of $794.73 as a result of Spirit Airlines' breach and the fraud.

23. Plaintiff Silva Iahdjian contracted with Spirit Airlines through Priceline for travel from Los Angeles, California to Las Vegas, Nevada on October 31, 2014 and returning the next day. When the Plaintiff appeared at the airport to take her flight, she was completely surprised with a hidden carry-on fee. Spirit Airlines threatened Ms. Iahdjian to either pay $50.00 for her small carry-on item, or not board the aircraft. The Plaintiff paid the extorted amount, but she decided not to fly back with Spirit Airlines after she experienced the unprecedented fraud and the breach of contract.

24. Plaintiff Shirin Begum contracted with Spirit Airlines through its agent Bookit for air travel from Queens, New York to Fort Lauderdale, Florida, on May 12, 2012. The Plaintiff was shocked to learn before boarding the flight that Spirit Airlines was charging her $70.00 in carry-on fees. The Plaintiff complained to Defendant's employee that Spirit Airlines did not inform her that there would be surprise carry-on fees. Defendant's employee stated that Ms. Begum had to contact Spirit Airlines' Headquarters for a refund. The Plaintiff

noted, after she paid the extorted amount, and after she boarded the aircraft that she was not the only one to be defrauded by Spirit Airlines' planned breach of contract.

25. Plaintiff David Langton entered into an agreement with Spirit Airlines through Travelocity to travel on February 14, 2013 from Queens, New York to Detroit, Michigan. The Plaintiff was completely surprised when, before boarding the flight, Spirit Airlines demanded the amount of $100.00 over and above the contracted price for carry-on pieces. The amount was demanded without notice and in total breach of the agreement between Spirit Airlines and Mr. Langton. The Plaintiff complained that he was "blind-sided" with these hidden and additional fees, but Spirit Airlines gave the Plaintiff only the choices of either paying or not boarding the flight. The Plaintiff made requests for a refund, but Spirit Airlines refused to pay back the extorted funds.

26. Plaintiff Susy Koshkakaryan contracted Spirit Airlines through Cheap Tickets for air travel from Las Vegas, Nevada to Los Angeles, California on June 2, 2013. At the airport, the Plaintiff was surprised to be informed by a Spirit Airlines employee that she must pay a carry-on fee of $50.00 over and above the contracted price. Ms. Koshkakaryan paid the extorted amount and repeatedly attempted to receive a refund of the amount taken by Spirit Airlines fraudulently and in breach of contract. Spirit Airlines refused to pay and blamed the fraud on Defendant's agent.

27. Plaintiff Terry Murray entered into an agreement with Spirit Airlines through Priceline for air travel from Portland, Oregon to Chicago, Illinois, on July 16, 2015 with a return flight scheduled for July 19, 2015. When the Plaintiff arrived at the airport terminal, however, he was hit with a surprise carry-on fee of $50.00, over and above the contract price. The Plaintiff was unable to pay the amount. The Spirit Airlines employee blamed the agent for the surprise fee and informed the Plaintiff that he was not traveling without making the

11

payment. The Plaintiff missed his flight and missed important meetings that he had planned to attend. Moreover, the Plaintiff had to pay an additional amount of $356.18 to travel on a different airline in order to reach his destination.

28. Plaintiff Yulius Mustafa, a member of the United States military, contracted Spirit Airlines through Cheapoair for travel from Orlando, Florida to Dallas, Texas, on April 12, 2014. At the airport, the Plaintiff had a small carry-on bag, and when he attempted to board his flight, the Spirit Airlines employee gave the Plaintiff an ultimatum: pay the extra $100.00, or do not board the aircraft. The Plaintiff was forced to pay the $100.00, and when he was aboard the aircraft, he learned that Spirit had defrauded other people using the same exact fraudulent technique. When the Plaintiff asked Spirit Airlines to refund the extorted funds, he pointed out that he served in the military. Spirit Airlines did not have an exception to individuals it defrauded just because they were serving in the military.

29. Plaintiff Maryam Afkarian contracted Spirit Airlines through Travelocity for travel from Detroit, Michigan to Queens, New York on March 16, 2016. Like all of the other Plaintiffs, named and putative, Ms. Afkarian did not agree to pay any additional amounts of money for carry-on items. To her surprise, she was not allowed to board the aircraft for her flight to New York unless she paid the surprise amount of $50.00. She had to pay the extorted amount. And, when Ms. Afkarian expressed her shock to Spirit Airlines and when she demanded a refund, the Defendant simply pointed to its agent. Chloe of Spirit Airlines wrote: "Unfortunately, when you book through a third party, Spirit Airlines has no control over how optional services are displayed on other retailer websites." Spirit Airlines has used this quote for years to justify the fraud and the breaches of contract.

30. Plaintiff Hayfaa Baroud contracted Spirit Airlines through Cheapoair for travel from New Orleans, Louisiana to Baltimore, Maryland on June 30, 2016. When the Plaintiff and her

12

two young children appeared at the airport, they expected to be able to take their three small carry-on items with them. Instead, Spirit Airlines informed the Plaintiff that she must either pay $165.00, or not board the aircraft. Ms. Baroud was forced to pay the extortion amount so that she and her young children may board the aircraft. Notwithstanding demands for a refund, Spirit Airlines Kept Plaintiff's money.

31. Plaintiff Julie Feiner entered into a binding contract with Spirit Airlines, through Defendant's agent Kiwi.com, for air travel from Los Angeles, California to Oakland, California on June 26, 2017. On that date, Spirit Airlines breached its agreement with Ms. Feiner, and defrauded her, by forcing her to pay $65.00, if she wished to board her flight. The Plaintiff was completely surprised when she was informed at the airport that she could not board her flight without paying funds over and above what the parties agreed to. The Plaintiff had no option, but to pay the extorted fees.

32. Plaintiff Diana Carrillo contracted with Spirit Airlines through Priceline for travel from Los Angeles, California to Las Vegas, Nevada on October 31, 2014 and returning on November 1, 2014. When the Plaintiff appeared at the airport to take her flight, she was completely surprised with a hidden carry-on fee. Spirit Airlines gave the Plaintiff an ultimatum: pay the extra $50.00, or do not board the aircraft. The Plaintiff had no option, but to pay the extorted amount. Spirit Airlines breached its agreement with Ms. Carrillo, and defrauded her, by forcing her to pay $50.00 over and above the contract price.

33. This action is maintainable as a class action. The Plaintiffs believe that the class that they propose to represent is so numerous that joinder of all members is impracticable. The Plaintiffs assert that hundreds of thousands of consumers have been, and are being, impacted by the Defendant's actions. There are questions of law and fact common to the class, and the claims of the named Plaintiffs are typical of the claims of the class. The

13

Plaintiffs will fairly and adequately protect the interests of the class.

34. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> *all persons who contracted with Spirit Airlines to travel on Spirit Airlines flights during the period extending from August 31, 2011 through and to the filing date of this Complaint and who were required to pay additional fees for carry-on items and bags over and above the contracted amount.*

35. Plaintiffs reserve their right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

36. Defendant's breaches, fraudulent representations and omissions were applied uniformly to all members of the Class, including any subclass arising out of the breach of contract and fraud claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

37. All members of the Class and any subclass were and are similarly affected by the breach of contract, the fraudulent misrepresentations and omissions and the relief sought herein is for the benefit of Plaintiffs and members of the Class and any subclass.

## COUNT ONE
## Breach of Contract

38. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Second Amended Complaint as if fully set forth herein, and further state:

39. The Defendant offered to the Plaintiff travel tickets for a specific price, which the Plaintiffs agreed to pay. The Plaintiffs performed the contract by tendering to the Defendant and/or its agent the full, agreed, amount of the contract. The parties' agreement contemplated that no additional fees would be paid, including for carry-on luggage, and the Plaintiffs fully understood and reasonably expected that additional fraudulent charges would not be

14

imposed. The Defendant breached the parties' agreement by fraudulently forcing Plaintiffs to pay additional fees that include for carry-on bags and personal carry-on items.

40. The Defendant represented that the cost of a ticket would be at a set amount when, in fact, the Defendant intended to, and did in fact, charge the Plaintiffs additional fees for carry-on bags that a reasonable consumer would believe would be part of the bargain reached between the parties on the basis of the representations made.

41. In material breach of the agreement with the Plaintiffs, Spirit demanded that Plaintiffs pay additional amounts for carry-on luggage and personal bags, forcing the Plaintiffs - on the date, and at the time, of travel - to pay a significant amount that is equal to a significant portion of the ticket.

42. After the Plaintiffs spent funds on the Defendant's flight, the Defendant revealed fees to the Plaintiffs that were unanticipated and unforeseen. At the time of booking, the Plaintiffs were unaware that they would have to pay for their carry-on bags or items.

43. The Plaintiffs demanded payment of the extorted funds, but Spirit Airlines refused to issue Plaintiffs a refund of the illegally obtained amounts.

44. As a result of Spirit's breaches, the Plaintiffs suffered significant losses, including the funds expended on tickets, the unexpected and extorted fees, and the booking of alternative flights to avoid additional breaches and fraudulent fees.

## COUNT TWO
**Unjust Enrichment**

45. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Amended Complaint as if fully set forth herein, and further state:

46. For that Spirit Airlines was enriched by demanding amounts - over and above what the

15

parties agreed to - and forcing the Plaintiffs to pay such amounts for fraudulent and unexpected fees.

47. Equity and good conscience dictate that Spirit Airlines make full restitution, especially under the circumstances of this case. Thousands of unsuspecting Plaintiffs were deceived by Spirit Airlines and forced, under a highly tense airport environment, and forced to pay unexpected and significant charges that they never did, or would ever, agree to.

## **COUNT THREE**
### Fraud

48. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph of this Second Amended Complaint as if fully set forth herein, and further state:

49. Spirit Airlines knew, and knows, beyond the shadow of a doubt, that its agents omit the significant and material fact that, once at the airport, a Plaintiff will be hit with unexpected carry-on luggage fees. Once the "gotcha" fraud is discovered, Spirit Airlines points the finger at the agent, and blames the omission of a material fact upon such agent.

50. Further, to induce the Plaintiffs to enter into agreements for the purchase of travel tickets, Defendant made numerous representations as to material facts that were false, and Defendant made numerous material omissions. Defendant sold Plaintiffs tickets with the knowledge that what they would ultimately pay would be significantly higher than the price represented. The Defendant's misrepresentations and omissions include but are not limited to:

   a. That prices do not in any manner reflect the total final agreed price of the ticket;

   b. Omitting the material fact that a ticket does not include fees for carry-on items;

   c. Deliberately concealing information regarding unexpected and unforeseeable carry-on fees;

   d. Withholding this material information until the Plaintiffs are at the airport and are

16

trapped; and

e. Lying to Plaintiffs regarding the agent's relationship with Spirit Airlines.

51. Spirit acted intentionally, and acted with actual malice or its functional equivalent. It knew, or acted with reckless disregard for the truth, as to all of the material misrepresentations alleged in this complaint.

52. Spirit knew, or acted with reckless disregard for the truth, as to all of the material omissions alleged in this complaint.

53. Spirit knew and intended that Plaintiffs would rely on Spirit's false and misleading representations in Plaintiffs' decision to purchase a ticket with Spirit.

54. Defendant knew that Plaintiffs would rely on the information provided to them by Spirit Airlines in Plaintiffs' decision to purchase a ticket with the Defendant, which intended to influence Plaintiffs' decision by omitting material information.

55. Plaintiffs justifiably and reasonably relied on Spirit Airlines' false and misleading representations and omissions in deciding to purchase a ticket with Spirit.

56. In deciding to enter into the agreement with Spirit Airlines, Plaintiffs reasonably and justifiably believed that Defendant was providing all material information, and Plaintiff's decision was influenced by Spirit Airlines' omissions.

57. Plaintiffs' reliance on Spirit Airlines' misrepresentations caused them significant, specific harm, as explained hereinabove.

**Prayers for Relief As to All Counts**

**WHEREFORE**, your Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant to pay compensatory damages on account of Defendant's breaches of contract;
b. Order the Defendant to pay consequential damages;

c. Order the Defendants to reimburse Plaintiffs for any fees paid over the agreed contract price;

d. Order the Defendant to reimburse Plaintiffs for monies they paid for carry-on luggage as a result of Spirit's fraud and breach of contract;

e. Order the Defendant to pay the costs Plaintiffs incurred in purchasing alternative flights as a result of Spirit's fraud and breach of contract;

f. Order that Defendant pay for Plaintiffs' emotional suffering and harm;

g. Order that Defendant pay for attorney's fees and costs of suit; and

h. Grant your Plaintiff any such other and further relief as to this Court may appear just and proper.

## JURY TRIAL DEMAND

The Plaintiffs respectfully request a jury trial.

Respectfully Submitted,
THE PLAINTIFFS,

BY:_____/s/_____
Their Counsel
John Hermina, Esq.
HERMINA LAW GROUP
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
law@herminalaw.com
Tel 301-776-2003
Fax 301-490-7913

Gregory Allen, Esq.
Law Office of Gregory Allen
60 Joyce Court
Milford, Connecticut 06461
greg@gjallenlaw.com
Tel 203-535-4636

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2018 the foregoing Second Amended Complaint was served via ECF upon the following:

Stephanie Drotar, Esq.
Mark W. Robertson, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

*Attorneys for Defendants*

                                        _____/s/_____
                                             John Hermina