UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

THOMAS COX, JOHN COX, YULIUS MUSTAFA, DODZI AMEMADO, JULIE FEINER, GRETA SCHOENEMAN, SUSAN HOTT, SHIRIN BEGUM, MICHAEL WYANT, SUSY KOSKHKAKARYYAN, HEATHER MCGLASHAN and JILL BRUA, on their own behalf and on behalf of others similarly situated,

              Plaintiffs,

  -against-

SPIRIT AIRLINES, INC.,

              Defendants.

------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**
17 Civ. 5172 (EK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Heather McGlashan is one of several Plaintiffs who remain in this diversity action brought against Defendant Spirit Airlines, Inc. ("Defendant"). See generally ECF Nos. 60, 74, 79. Defendant has moved to dismiss Ms. McGlashan from the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Honorable Eric Komitee referred the motion for this report and recommendation. See ECF No. 120. Ms. McGlashan has failed to pursue this litigation as a named Plaintiff acting on behalf of a putative class; it is therefore respectfully recommended that the District Court grant Defendant's motion and dismiss Ms. McGlashan from the case without prejudice to her later participation as the member of a class, in the event one is certified and she qualifies.[1]

---

[1] Because Defendant's motion pertains only to Ms. McGlashan, the recommendation that Ms. McGlashan be dismissed from the case is made only as to her. See ECF No. 120. All remaining parties with the exception of Ms. McGlashan have recently certified the close of discovery and commenced summary judgment and class certification motion practice. See ECF Nos. 114, 125, 128-138; Dkt. Entry 3/10/2021.

1

## I. Background

Ms. McGlashan, originally represented by counsel, joined this diversity action as a Plaintiff at the filing of its Second Amended Complaint ("SAC"), and continued to be represented by counsel on the filing of a Third Amended Complaint ("TAC"). See ECF Nos. 31, 60. After the Court granted Defendant's motion to dismiss the TAC, Plaintiffs appealed. See ECF Nos. 70, 74, 75. In 2019, the United States Court of Appeals for the Second Circuit partially vacated the Court's dismissal Order, and the case thereafter continued. See ECF Nos. 79, 86.

In December 2020, Plaintiffs' Counsel moved to withdraw as the attorney of record for Ms. McGlashan citing her non-responsiveness to their repeated efforts to contact her, which at that point included twelve unreturned phone calls and four emails; her failure to maintain independent communications with counsel; and her failure to update her contact information with counsel. See ECF No. 112. As a result, at the time of counsel's motion to withdraw as Ms. McGlashan's attorney, Ms. McGlashan had not participated in discovery for approximately six months. See id. Counsel then sent a copy of the withdrawal motion to Ms. McGlashan by email to her last known email address and by overnight mail at her last known address. See id. Then, after the Court issued an Order scheduling a related hearing, counsel sent another copy of its motion as well as the Court's Order to Ms. McGlashan by email to her last known email address and by Federal Express to her last known mailing address as well as to an alternative mailing address it had for her on file. See ECF No. 113.

Ms. McGlashan did not appear at the January 2021 motion hearing, and the Court issued an Order granting her counsel's motion to withdraw and stating that Ms. McGlashan could elect to proceed pro se. See Dkt. Entry 1/5/2021. The Order also indicated that, "[t]o the extent Ms.

McGlashan would like to continue litigating her claim(s) against Defendant, she must participate in this action," including by coordinating with Defendant to schedule her deposition and by timely opposing Defendant's anticipated summary judgment motion, and stated that Ms. McGlashan's "[f]ailure to participate may result in Defendant making a motion to dismiss for lack of prosecution." Id.  The Court, as well as Ms. McGlashan's former counsel, then mailed a copy of the Order to Ms. McGlashan, now appearing pro se, to her last known mailing address, see Dkt. Entry 1/7/2021; ECF No. 116, and her former counsel also emailed it to her at her last known email address, see id.  The Court's mailing was returned as undeliverable.  See ECF No. 124.

Meanwhile, Defendant delivered Ms. McGlashan two deposition notices via Federal Express asking her to contact them to confirm the deposition or with any request to reschedule; although Defendant received confirmation that their notices were delivered, Defendant did not receive a response from Ms. McGlashan.  See ECF No. 117; ECF No. 120-2 ¶¶ 3-6, Exhs. B-E. Ms. McGlashan subsequently failed to appear at a conference held by this Court at which "Defendant reported that there has been no contact with Ms. McGlashan[,]" and the Court granted Defendant leave to make a motion to dismiss for lack of prosecution.  See Dkt. Entry 1/26/2021.

Defendant moved to dismiss Ms. McGlashan's case for lack of prosecution pursuant to Rule 41(b), citing the filings and proceedings held in connection with her counsel's withdrawal as well as Ms. McGlashan's failure to respond to Defendant's discovery correspondence.  See ECF No. 120.  The Honorable Eric Komitee issued an Order referring the motion for this report and recommendation.  See Dkt. Entry 2/11/2021.  The Court mailed a copy of the referral Order—which referenced that it pertained to Defendant's "motion to dismiss for lack of

3

prosecution/motion for involuntary dismissal of Plaintiff Heather McGlashan"—to Ms. McGlashan at her last known mailing address. See Dkt. Entry 2/11/2021. The Court's mailing was returned to it as undeliverable. See ECF No. 122. Defendant also delivered a copy of its motion papers to Ms. McGlashan at her last known address via Federal Express. See ECF No. 120-9.

The Court subsequently certified the close of discovery after all parties with the exception of Ms. McGlashan submitted a letter representing that discovery was complete. See ECF No. 125; Dkt. Entry 3/10/2021.

Since Defendant first filed its motion to dismiss Ms. Glashan's case, the parties have commenced summary judgment and class certification motion practice pursuant to a schedule set by the Court. See, e.g., ECF Nos. 128-139. On April 27, 2021, Defendant supplemented its motion to dismiss Ms. McGlashan's case with additional facts about her failure to prosecute in the context of those proceedings. See ECF No. 139. For example, on March 16, 2021, Defendant served Ms. McGlashan with its summary judgment motion papers via Federal Express, which included information that her opposition papers were due by April 14, 2021, notice regarding pro se opposition to summary judgment and more. See id. Federal Express confirmed that the delivery was achieved. See ECF No. 139-1. Yet, Ms. McGlashan has not opposed Defendant's summary judgment motion. See, e.g., ECF Nos. 129-132, 134, 136. In addition, Ms. McGlashan did not join other Plaintiffs' motion for class certification. See ECF Nos. 128, 133, 135, 137.

## II.  Legal Standard

Rule 41(b) authorizes the district court to dismiss a complaint on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a

4

court order." Fed R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Id.  Although pro se litigants "must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training or experience." Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672 (2d Cir. 2012); see Robinson v. Sposto, No. 13 Civ. 3334 (JFB) (WDW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives.").

Courts consider the following factors in considering whether dismissal for failure to prosecute is proper:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000).  In conducting the analysis, "no one factor is dispositive." Nita v. Conn. Dep't of Env. Prot., 16 F.3d 482, 485 (2d Cir. 1994); see Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." (citation & internal quotation marks omitted)); Miller v. Dep't of Corrs., No. 07 Civ. 7584 (SHS) (GWG), 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) ("[D]istrict court[s are] not required to discuss each factor . . . as long as an explanation is given for the dismissal.") (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

### III. Discussion

Applying the standards described above, the Court respectfully recommends dismissal of Ms. McGlashan's from the case as a named Plaintiff acting on behalf of a putative class without prejudice to her potential inclusion as a class member should the Court certify the case as a class action.

First, a review of the docket indicates that Ms. McGlashan has not taken any action in this case for nearly eleven months. As detailed, supra, Section I, Ms. McGlashan failed to respond to or otherwise communicate with her counsel for approximately six months, resulting in their withdrawal from representation. Since her counsel's withdrawal motion, filed in December 2020, Ms. McGlashan has not participated in any way in this litigation for nearly five more months, despite Orders, correspondence from her former counsel, Defendant's discovery requests and the parties' performance of post-discovery motion practice. See id. Ms. McGlashan's failure to prosecute "has functioned as a . . . block to moving this litigation forward." Sanders v. Ramos, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 592670, at *2 (S.D.N.Y. Jan. 24, 2013) (internal quotation marks omitted); see Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (finding delay of six months sufficient to warrant dismissal under Rule 41(b)); Moton v. Williams, No. 15 Civ. 6485 (GBD) (JLC), 2018 WL 2229126, at *3 (May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" (internal quotation marks omitted) (collecting cases)), R & R adopted, 2018 WL 3384433 (S.D.N.Y. July 11, 2018).

Defendant is prejudiced by Ms. McGlashan's failure to prosecute the case. Because of Ms. McGlashan's continued inaction, resolution of this case has been delayed. There is the possibility for further delay now that discovery is closed, and that other parties have commenced

summary judgment and class certification motion practice. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462.

Ms. McGlashan has been provided with notice from the Court and her former counsel regarding the consequences of her inaction by email, mail and Federal Express. See Section I, supra. Although some of these efforts to provide Ms. McGlashan notice seem to have been thwarted when mail was returned undeliverable, this appears to be due to her own failure to provide her former counsel or the Court with updated contact information. See id. Given these circumstances, the Court's need for orderly case administration "outweighs any interest in preserving the due process rights of a party that, despite multiple opportunities, has expressed no interest in preserving them." Golden v. Tapestry Med., Inc., No. 14 Civ. 1834 (RRM) (JO), 2017 WL 3868799, at *3 (E.D.N.Y. Sept. 5, 2017); see Alomar v. Recard, No. 07 Civ. 5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("It is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that plaintiff will appear in the future." (internal quotation marks & alterations omitted)).

A lesser sanction is unlikely to persuade Ms. McGlashan to participate as she has been informed that her failure to participate may lead to the dismissal of her case, and she has not responded. See Section I, supra; see also Dkt. Entry 1/5/2021; Dkt. Entry 1/7/2021; Dkt. Entry 1/26/2021; Dkt. Entry 2/11/2021; ECF Nos. 116, 122, 124; Brow, 391 F. App'x at 936 (affirming dismissal of pro se plaintiff's complaint, noting that "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective").

In addition, Ms. McGlashan is pro se; pro se litigants generally may not act—at least not exclusively—as the lead plaintiffs in a putative class action such as this one. See Barnes v. Ross, 926 F. Supp. 2d 499, 505 (S.D.N.Y. 2013) (holding that a pro se litigant "is not empowered to proceed on behalf of anyone other than himself") (quoting McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000)); Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 526 n.4 (S.D.N.Y. 2008) ("A pro se plaintiff may not seek to represent the interests of third-parties.") (quoting Rodriguez v. Eastman Kodak Co., 88 F. App'x 470, 471 (2d Cir. 2004)); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). The remaining named Plaintiffs are in the process of litigating a class certification motion with counsel. See ECF No. 114 (Scheduling Order for remaining Plaintiffs' class certification motion). If the remaining named Plaintiffs' efforts to certify a class in this case are successful, in the event Ms. McGlashan qualifies as a member, she may participate as such in lieu of being its representative.

Although Ms. McGlashan's failure to prosecute is problematic and merits dismissal, Defendant does not ask that it be an adjudication on the merits of her claims. This Court agrees that, as Rule 41(b) permits, Ms. McGlashan should be dismissed without prejudice to preserve her rights as a putative class member. See ECF No. 120; Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute will be on merits "[u]nless the dismissal order states otherwise").

## IV. Conclusion

For the foregoing reasons, the Court respectfully recommends that the District Judge grant Defendant's Rule 41(b) motion to dismiss Ms. McGlashan from this case without prejudice. Ms. McGlashan may participate, if she qualifies, as a member of any class that may be later certified. See ECF No. 120.

## V.  Objections

A copy of this report and recommendation will be provided to the parties via ECF and mailed by Chambers to Plaintiff at the address for Ms. McGlashan provided by her former counsel:  Heather McGlashan, 1178 Warburton Avenue, Apt. 2-C, Yonkers, New York 10701. See ECF No. 115.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests to extend time to file objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated:  Brooklyn, New York
        May 6, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge
