```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

THOMAS COX, JULIE FEINER, SUSAN HOTT,
SUSY KOSHKAKARYAN, YULIUS MUSTAFA,
GRETA SCHOENEMAN, et al.,                MEMORANDUM & ORDER
                                         17-CV-5172(EK)(VMS)
              Plaintiffs,


         -against-

SPIRIT AIRLINES, INC.,

              Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

This is a class action arising from Spirit's practice of charging fees for carry-on baggage. In March 2022, I certified a class of first-time Spirit fliers who purchased their flights through specified online travel agents during a specified period. Order dated March 29, 2022, ECF No. 152 ("Class Cert. Op."). After I denied Spirit's motion for reconsideration, see Order dated February 14, 2023, ECF No. 166, the parties submitted letters regarding the content of the class notice. Spirit submits that the notice should include a questionnaire asking absent class members — meaning, at this stage, all class members other than the named plaintiffs — to (1) state whether they flew on Spirit during the thirteen-month period after Spirit started charging for carry-ons but before the start of the class period, and (2) identify their state or

country of residence during the class period.  Def. Class Notice Letter dated Mar. 6, 2023 ("Def. Letter"), ECF No. 168 at 1.[1]

The plaintiffs oppose Spirit's request to include these questions.  Pl. Class Notice Letter dated Mar. 6, 2023, ECF No. 167 at 1.  For the reasons set forth below, Spirit's request is denied.

Absent class members are generally "not required to do anything."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).[2]  In "rare[]" cases, however, they may be subject to "burdens" such as discovery.  *Id.* at 810 n.2.  Spirit's request to include questions in the class notice — essentially interrogatories — would qualify as one such burden.

"Courts are extremely reluctant to permit discovery of absent class members."  *In re Petrobras Sec. Litig.*, No. 14-CV-9662, 2016 WL 10353228, at *1 (S.D.N.Y. Feb. 22, 2016).  There is no uniform test for allowing such discovery.  *See Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 71 (S.D.N.Y. 2020).  Several courts in the Second Circuit have required the defendant to demonstrate that "the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions

---

[1] Page numbers in citations to record documents other than deposition transcripts and briefs refer to ECF pagination.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations and internal quotation marks.

2

and unavailable from the representative parties; and (3) is necessary at trial [to resolve] issues common to the class." *Id.* (citing cases).  Others have required the defendant to show that the discovery "(1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will [not] impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." *Id.* (citing cases).  Both tests demand a "strong" showing.  *Id.*

Under either test, Spirit's request fails.  Among other problems, the questionnaire would function much like an "opt-in" requirement, and thereby carry the potential to alter the membership of the class.  Pursuant to Rule 23(c), members of a class certified under Rule 23(b)(3) have the right to "request exclusion" from the class.  *See Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2d Cir. 2004).  "Rule 23 does not, however, require members of any class affirmatively to opt into membership." *Id.* Federal courts have generally held that mandatory questionnaires are impermissible during the discovery stage of a class action "because they may constitute a *de facto* 'opt in' provision." *Id.* at 125 (citing cases).

The Second Circuit has explained that requiring class members "to establish their entitlement to portions of the recovery" at the liability stage (rather than the damages stage) constitutes an opt-in provision.  *Id.* at 126-27.  That is

3

precisely what Spirit seeks to do here. While the proposed instructions advise absent class members that they "will remain in the Class and be bound by [any] judgment" if they decline to submit the questionnaire, those instructions also warn that the failure to return a completed questionnaire would preclude "any recovery if the Plaintiffs prevail at trial." Def. Proposed Class Questionnaire 6, ECF No. 168-1.[3] Thus, absent class members who do not submit a completed questionnaire could forfeit the right to recover if the class prevails at trial and simultaneously find themselves bound by the outcome. In other words, they would need to opt in. *Cf. McCarthy v. Paine Webber Grp.*, 164 F.R.D. 309, 313 (D. Conn. 1995) (subjecting absent class members to potential sanctions, including dismissal, for failure to complete a questionnaire would impermissibly convert opt-out classes to opt-in classes); *In re Petrobras Sec. Litig.*, 2016 WL 10353228, at *1 (same).

Spirit has also failed to show that the information it seeks is relevant to *common* questions or necessary for trial, as required by both of the above tests. Spirit's proposed questions — about when recipients first flew on Spirit and where

---

[3] Although Spirit's proposal would prohibit class members who do not respond to the questionnaire from recovering after trial, those individuals still "may be able to obtain a recovery if the parties settle this case, depending on the terms of their settlement." *Id.* This equivocal qualification, however, does not negate the conclusion that the proposal would effectively require absent class members to opt in to the class.

4

they lived during the class period — do not bear on issues common to the class.  *Cf. In re Petrobras Sec. Litig.*, 2016 WL 10353228, at *2 ("On their face, defendants' interrogatories are directed at individual issues, such as the locations of individuals' transactions, and are not relevant to common issues.").

Moreover, Spirit offers no compelling reason for requiring this information prior to trial (and especially the damages stage thereof).  Instead, it largely repeats its arguments from the class-certification stage.  Spirit contends that the place-of-residence information, in particular, is necessary to determine which state's law applies to each class member and whether the Court has personal jurisdiction over all class members' claims.  Def. Letter 3-4.  Those arguments are unavailing for the reasons discussed in the order certifying the class — namely, that state contract law defines breach generally consistently and that unnamed class members need not separately establish personal jurisdiction.  *See* Class Cert. Op. 47-52 (discussing Spirit's state-law and personal-jurisdiction arguments).

Spirit's proposed questionnaire will therefore be omitted from the class notice.  The parties shall submit a stipulation and proposed order regarding class notice, and a

5

proposed class notice consistent with this order, by April 24, 2023.

        SO ORDERED.

                                      /s/ Eric Komitee
                                ERIC KOMITEE
                                United States District Judge

Dated:    April 5, 2023
           Brooklyn, New York