```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

THOMAS COX, JULIE FEINER, SUSAN HOTT,
SUSY KOSHKAKARYAN, YULIUS MUSTAFA,
GRETA SCHOENEMAN, et al.,                    MEMORANDUM & ORDER
                                             17-CV-5172 (EK)(VMS)
                Plaintiffs,


                -against-

SPIRIT AIRLINES, INC.,

                Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

**ORDER APPROVING AN ADDITIONAL PAYMENT TO THE SETTLEMENT ADMINISTRATOR FROM THE COMMON SETTLEMENT FUND**

In August 2023, the plaintiff class and Spirit Airlines, Inc., entered into a settlement agreement and release resolving the claims asserted in this action. Settlement Agreement, ECF No. 178-3. The Court approved that Settlement Agreement on December 12, 2023. Final Approval Order, ECF No. 189. Pursuant to that Final Approval Order, the Court retained jurisdiction over the action for the limited purpose of "supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Order." *Id.* at ¶ 14.

The Final Approval Order awarded the settlement administration — Angeion Group — $181,062.75 "for its work

issuing Notice of the Class." *Id.* at ¶ 12. The Court also recognized that "[s]ubsequent to the filing of this Order, the Settlement Administrator will incur additional costs in order to effectuate distribution of the Settlement, and Class Counsel may move the Court at that time for an additional award as appropriate as that cost becomes known." *Id.*

The plaintiff class has now moved for an additional award of $729,976.31 to Angeion Group from the common settlement fund. Mot. for Settlement Admin. Costs, ECF No. 191-1. Spirit does not oppose the motion. *Id.* at 3. In support of the motion, the President and Chief Executive Officer of Angeion Group has submitted a sworn declaration for total costs for services provided. Declaration of Steven Weisbrot, ECF No. 191-2. He avers that this $729,976.31 award constitutes a discount of $165,000.00 from the actual fees and costs Angeion incurred. *Id.* at ¶ 8.

Mr. Weisbrot writes that Angeion Group offered this discount as "a good faith gesture" because its costs exceeded expectations. *Id.* He explains that "it was not predictable that the notice efforts employed would result in claims by 6.8 times the number of persons included on the Class List." *Id.* Angeion Group ultimately received 5.4 million claims relative to

a class of 720,000.  *See id.*[1]  Angeion Group's work entailed processing those 5.4 million claims — *i.e.*, "sorting the mail, opening the envelope, scanning the Claim Form to the appropriate database, and accompanying quality assurance audits."  *Id.*  The process required programming "security and bandwidth testing, customized reporting and data delivery to the internal claims dashboard."  *Id.*  That extensive work was necessary to sort through the large number of fraudulent claims.

   The Court has continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.  *See* Final Approval Order ¶ 14.  Angeion Group's requested $729,976.31 award constitutes approximately $0.15 per claim submitted and $1.01 per class member.  Declaration of Steven Weisbrot at ¶ 8.  That award is reasonable in light of the size of the class, the number of claims, and other awards in this Circuit.  Other courts have awarded raw administrative costs two or three (or more) times larger than the requested costs here.  *See, e.g.*, *Parker v. Time Warner*

---

[1] The number of claims far outstripped the number of actual class members because Angeion Group received millions of fraudulent claims.  As the plaintiffs' memorandum explains, "there was a possible class of 799,223 class members but because of the lack of a mailing or email address[] for approximately 180,000 of them . . . a controlled claims process in which each class member would be provided with a code necessary to submit a claim could not be utilized here."  Mot. for Settlement Admin. Costs at 4.  Instead, Angeion Group used an open claims process, which "in today's world led to an enormous and unexpected number of fraudulent claims."  *Id.*

*Entertainment Co., L.P.*, 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (approving "administrative costs of approximately $3,000,000" for a class settlement involving 7.2 million class members); *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704, ECF No. 451 (S.D.N.Y. March 23, 2021) (approving the payment of a "total of $2,509,150.93" in settlement administrative costs). And on a claim-by-claim or class member-by-class member basis, the administrator's costs here were well within the range other courts in this Circuit have approved.  *See Cunningham v. Suds Pizza, Inc.*, 290 F. Supp. 3d 214, 234 (W.D.N.Y. 2017) (approving the payment of $49,000 for a class of 8,500 members, amounting to $5.76 per member); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 316 (E.D.N.Y. 2015) (approving administrative costs amounting to $8.49 per class member).

Angeion Group is therefore awarded $729,976.31 for its work as a settlement administrator in this action. That award shall be paid from the common settlement fund pursuant to the terms of the Settlement Agreement.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 4, 2024
         Brooklyn, New York